UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT HARTFORD
1/18/05
Kevin F. Rowe, Clerk
By: _____
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 3:00CR243(DJS) |
| JOSEPH L. JILES | : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Pursuant to Title 18, United States Code, Sections 3142(e) and (f), the Government hereby requests that the defendant be ordered detained prior to trial.

I. Eligibility of Case

This case is eligible for pretrial detention because it involves:

___  a crime of violence as defined in Title 18, United States Code, Section 3156;

___  an offense for which the maximum sentence is life imprisonment or death;

___  an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 802, et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951, et seq.), or Section 1 of the Act of September 15, 1980 (21 U.S.C. § 955a);

___  any felony committed after the defendant has been convicted of two or more of the prior two offenses or two or more State or local offenses that would have been one of the prior two offenses if a circumstance giving rise to Federal jurisdiction had existed;

✔  a serious risk that the defendant will flee; and/or

    \_\_\_\_ a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror.

II. <u>Reason for Detention</u>

The Court should detain defendant because there are no conditions of release which will reasonably assure:

    ✔ the defendant's appearance as required; and/or

    ✔ the safety of any other person and the community.

III. <u>Rebuttable Presumption</u>

The Government will not invoke the rebuttable presumption against the defendant under Title 18, United States Code, Section 3142(e). The presumption applies because:

    \_\_\_\_ the defendant has been convicted of a Federal offense described in Title 18, United States Code, Section 3142(f)(1) or of a State or local offense that would have been an offense described in Section 3142(f)(1) if a circumstance giving rise to Federal jurisdiction had existed;

    \_\_\_\_ an offense described in Title 18, United States Code, Section 3142(e)(1) was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

    \_\_\_\_ a period of not more than five years had elapsed since the date of conviction, or the release of the defendant from imprisonment, for an offense described in Title 18, United States Code, Section 3142(e)(1), whichever is later; or

    \_\_\_\_ there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the

Controlled Substances Act (21 U.S.C. § 801, et seq.), the Controlled Substance Import and Export Act (21 U.S.C. § 951, et seq.), Section 1 of the Act of September 15, 1980 (21 U.S.C. § 955a), or an offense under Section 924(c) of Title 18 of the United States Code.

IV. Time for Detention Hearing

The Government requests that the Court conduct the detention hearing:

✔ at the defendant's first appearance;

___ after a continuance of ___ (not more than 3) days.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

THOMAS V. DAILY
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford, Connecticut 06103
Tel. (860) 947-1101
Federal Bar No. ct 03467

**CERTIFICATION**

I hereby certify that a copy of the foregoing was hand delivered this 18th day of January, 2005, to:

Terence S. Ward, Esq.
Assistant Federal Public Defender
241 Main Street, 1st Fl. So.
Hartford, CT 06106

THOMAS V. DAILY
ASSISTANT UNITED STATES ATTORNEY

3